UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 25-2286(DSD/SGE)

Erin Braaten,

      Plaintiff,

v.

Slipstream Group, Inc.,

      Defendant.


This matter is before the court upon the motion for judgment on the pleadings by defendant Slipstream Group, Inc. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.


**BACKGROUND**

This whistleblower action arises out of plaintiff Erin Braaten's brief employment with Slipstream. Slipstream hired Braaten as its Chief People Officer – a human resources position – on October 8, 2024. Compl. ¶ 10. Slipstream offered her a yearly salary of $155,000 to be paid on a semi-monthly basis. Id.

Braaten began work on October 28, 2024, and received her first paycheck on November 7, 2024. Id. ¶¶ 11, 13. The amount was lower than she expected, and she believed that Slipstream improperly prorated her salary. Id. ¶ 14.

Braaten reported the issue Slipstream's CEO, who encouraged Braaten to investigate the matter along with the company's finance and payroll teams. <u>Id.</u> ¶ 15. During the investigation, Braaten became increasingly concerned that Slipstream's practice of prorating employee salaries violated the Fair Labor Standards Act (FLSA) and related state laws. <u>Id.</u> ¶¶ 16-17, 21. She reported her concerns to the company's Chief Financial Officer, Controller, and General Counsel. <u>Id</u>. ¶¶ 18-19. General Counsel Tim Mathison undertook a risk assessment to determine the company's exposure, in any. <u>Id.</u> ¶ 27.

With the assistance of outside counsel, Mathison determined that Slipstream's proration complied with federal and state law. <u>Id.</u> ¶¶ 31, 35. Based on her industry experience, Braaten disagreed. <u>Id.</u> ¶¶ 32-35. Braaten continued to allege that Slipstream improperly prorated her first paycheck, and that Slipstream failed to provide her with a wage statement notice or earnings statement, as required. <u>Id.</u> ¶¶ 36-38. Slipstream investigated her allegations and determined that Braaten was paid the correct amount in compliance with federal and state law. <u>Id.</u> ¶¶ 43-44. On December 9, 2024, Slipstream terminated Braaten's employment due to her "confrontational manner." <u>Id.</u> ¶ 45.

On May 2, 2025, Braaten commenced this action in Ramsey County

District Court.  Slipstream timely removed to this court.  Braaten alleges that Slipstream retaliated against her for reporting violations of federal and state law, in violation of the Minnesota Whistleblower Act and the Minnesota Payment of Wages Act; breached her employment contract; and failed to pay her wages in violation of the Minnesota Payment of Wages Act.  Slipstream now moves to dismiss.

## DISCUSSION

### I.  Standard of Review

The same standard of review applies to motions under Federal Rules of Civil Procedure 12(c) and 12(b)(6).  Ashley Cty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).  Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Braden v. WalMart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although a complaint need not contain detailed factual

allegations, it must raise a right to relief above the speculative level.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## II.  Adequacy of Pleadings

The parties seem to agree that Braaten's claims rise or fall on whether Slipstream's payments to her complied with the law. Although the court suspects that Braaten's claims may not ultimately be viable, it simply cannot make that determination without a proper factual record.  At this stage of the proceedings, and taking her allegations as true, she has done enough to plausibly allege claims against Slipstream.  The court must therefore deny the motion to dismiss.


## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that the motion for judgment on the pleadings [ECF No. 12] is denied.


Dated: October 29, 2025          s/David S. Doty
                                 David S. Doty, Judge
                                 United States District Court